James M. Green (AZ Bar # 032211)
Quarracy L. Smith (AZ Bar # 033515)
**SMITH & GREEN**
Attorneys at Law, P.L.L.C.
3101 North Central Avenue
Suite 690
Phoenix, Arizona 85012-2658
Telephone: (602) 812-4600
Fascimile: (888) 913-2345
Email: jgreen@farragesmithlaw.com
Email: qsmith@farragesmithlaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bridgette O. Scott, an individual, and Laura Quinonez, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>IEC US Holdings, Inc., d/b/a UEI College and UEI Education Institute, a Florida corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

## NATURE OF THE ACTION

This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII") against Defendant IEC US Holdings, Inc. d/b/a UEI College and UEI Education Instutute ("Defendant").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 2000e.

2.      All conditions precedent to jurisdiction under 42 U.S.C. § 2000(e)-5 have been met. Plaintiff Bridgette O. Scott, timely filed a charge of employment discrimination

and retaliation that alleged violations of Title VII of the Civil Rights Act of 1964, as amended, with the U.S. Equal Employment Opportunity Commission ("EEOC"), identified by EEOC Charge No. 540-2018-03298. Plaintiff submitted her charge in a timely fashion and received a notice of right to sue from EEOC on or about March 18, 2020. This action has been commenced within ninety (90) days of Plaintiff's receipt of the notice of right to sue as to EEOC Charge No. 540-2018-03298.

3.    Plaintiff Laura D. Quinonez, timely filed a charge of employment discrimination that alleged violations of Title VII of the Civil Rights Act of 1964, as amended, with the U.S. Equal Employment Opportunity Commission ("EEOC"), identified by EEOC Charge No. 540-2018-04317. Plaintiff submitted her charge in a timely fashion and received a notice of right to sue from EEOC on or about June 8, 2020. This action has been commenced within ninety (90) days of Plaintiff's receipt of the notice of right to sue as to EEOC Charge No. 540-2018-04317.

4.    The named Defendant, by virtue of its own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

5.    Venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

6.    Bridgette O. Scott ("Plaintiff Scott" or "Ms. Scott") is and was at all relevant

2

times, a female, a citizen of the United States and a resident of Maricopa County, State of Arizona. Beginning on or about January 30, 2017, and during the relevant time that followed, Plaintiff Scott was employed by Defendant.

7.    Laura D. Quinonez ("Plaintiff Quinonez" or "Ms. Quinonez") is and was at all relevant times, a female, a citizen of the United States and a resident of Maricopa County, State of Arizona. Beginning on or about October, 2015, and during the relevant time that followed, Plaintiff Quinonez was employed by Defendant.

8.    At all relevant times, Defendant IEC US Holdings, Inc. d/b/a UEI College and UEI Education Institute, continuously did business in the State of Arizona, City of Phoenix, and continuously had at least 15 employees.

**FACTUAL ALLEGATIONS**

9.    Defendant hired Ms. Quinonez for a receptionist position on or about November 4, 2015.

10.    During the course of her employment with Defendant, Ms. Quinonez was regularly subjected to sexual harassment by Craig Jacob, Campus President, which included inappropriate and unwelcome comments about her physical appearance, calling her "chica" and routinely greeting her by saying "hola chica," and unwelcome physical contact, including, but not limited to, unwanted shoulder massages, hugging, tickling, placing his hands around her waist, pinching her cheeks.

11.    During the course of her employment with Defendant, Ms. Quinonez witnessed Mr. Jacobs sexually harass other female employees and students.

12.    Mr. Jacobs' offensive conduct was pervasive and well-known by members

3

of management, human resources, and other staff members.

13.    Defendant hired Ms. Scott for the Director of Admissions position and she held that position through the duration of her employment.

14.    Upon information and belief, Defendant did not provide an employee handbook to Ms. Scott when she was hired or at any point during her employment with the company.

15.    Upon information and belief, Defendant did not provide Ms. Scott with any training regarding a method to report sexual harassment or discrimination.

16.    During the course of her employment with Defendant, Ms. Scott was regularly subjected to sexual harassment by Craig Jacob, Campus President, which included inappropriate and unwelcome comments about her physical appearance and unwelcome physical contact, including, but not limited to, unwanted shoulder massages, hugging, tickling, placing his hands around her waist, pinching her cheeks.

17.    During the course of her employment with Defendant, Ms. Scott routinely observed Mr. Jacobs make inappropriate comments about female employees' appearance and stare female employees and staff members up and down.

18.    On one occasion in particular, Mr. Jacobs stated that a positive review from a student was likely about Ms. Quinonez because of her "big breasts" and "tight shirts."

19.    During the course of her employment with Defendant, Ms. Scott routinely observed Mr. Jacobs touch female staff members and students by hugging them, massaging shoulders, placing his hands around their waists, pinching their cheeks, and tickling them.

20.    Numerous employees and students, including Ms. Quinonez, complained to

4

Ms. Scott that Mr. Jacobs' conduct was inappropriate and offensive.

21.    Ms. Scott opposed Mr. Jacobs' offensive conduct, and as a result, she was subjected to retaliation by the company.

22.    Ms. Scott was constructively discharged on May 7, 2018.

23.    Ms. Quinonez was constructively discharged on May 9, 2018.

24.    On August 1, 2018, Ms. Quinonez filed a charge of discrimination with the EEOC. A copy of the charge is attached as **Exhibit A** and incorporated herein by reference. On May 5, 2020, EEOC issued a letter of determination stating "there is reasonable cause to believe Respondent violated Title VII of the Civil Rights Act of 1964, as amended; when it subjected [Ms. Quinonez] to sexual harassment." A copy of the letter of determination is attached as **Exhibit B** and incorporated herein by reference. On or about June 8, 2020, Ms. Quinonez received her notice of right to sue. A copy of the notice is attached as **Exhibit C** and incorporated herein by reference.

25.    On August 1, 2018, Ms. Scott filed a charge of discrimination with the EEOC. A copy of the charge is attached as **Exhibit D** and incorporated herein by reference. On or about March 18, 2020, Ms. Scott received her notice of right to sue. A copy of the notice is attached as **Exhibit E** and incorporated herein by reference.

### FIRST CLAIM FOR RELIEF

### [Sex-Based Hostile Work Environment – 42 U.S.C. § 2000e-2(a)]

26.    The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

27.    Through the duration of Ms. Scott's and Ms. Quinonez's employment,

Defendant was engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Ms. Scott, Ms. Quinonez, and other female employees and students to substantially severe or pervasive harassment constituting a hostile work environment, because of sex.

28.    Defendant knew or should have known of the harassing comments and conduct described due to the pervasive and open nature of the conduct.

29.    Despite knowledge of the harassment, Defendant failed to take prompt and effective remedial action to prevent, correct, or remedy the hostile work environment.

30.    The unlawful employment practices described herein were intentional.

31.    The unlawful employment practices described herein deprived Ms. Scott and Ms. Quinonez of equal employment opportunities and adversely affected their employment because of her sex, female.

## SECOND CLAIM FOR RELIEF

**[National Origin-Based Hostile Work Environment – 42 U.S.C. § 2000e-2(a)]**

32.    The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

33.    Throughout the duration of her employment, Mr. Jacobs repeatedly referred to Ms. Quinonez as "chica" and often greeted her by saying "hola chica."

34.    Ms. Quinonez was the only Hispanic employee in her entire department, and she was the only employee that Mr. Jacobs greeted in Spanish or referred to as "chica."

35.    Ms. Scott and other employees heard Mr. Jacobs routinely speak to Ms. Quinonez in this manner.

6

36.     Ms. Quinonez was offended and found the comments demeaning because she was being treated differently than similarly situated non-Hispanic employees.

## THIRD CLAIM FOR RELIEF

### [Retaliation]

37.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

38.     After opposing Mr. Jacobs unlawful and discriminatory conduct, I was retaliated against and treated less favorable than similarly situated co-workers that had not opposed Mr. Jacobs conduct.

39.     The retaliation consisted of harassment and unwarranted disciplinary action to encourage resignation.

## FOURTH CLAIM FOR RELIEF

### [Constructive Discharge]

40.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

41.     Defendant subjected Ms. Quinonez to an objectionably intolerable work environment where the offensive and unwelcome comments and physical contact were so egregious that no reasonable person could have continued working there.

42.     Defendant subjected Ms. Scott to an objectionably intolerable work environment where the offensive and unwelcome comments, physical contact, and retaliation were so egregious that no reasonable person could have continued working there.

## PRAYER FOR RELIEF

A.    Order Defendant to make Plaintiffs whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including job search expenses and backpay in amounts to be determined at trial.

B.    Order Defendant to make Plaintiffs whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

C.    Order Defendant to pay Plaintiffs punitive damages for its malicious or reckless indifferent conduct described herein, in amounts to be determined at trial.

D.    Grant such further relief as this Court deems necessary and proper in the public interest.

E.    Grant an award of attorney fees and costs that may be permitted under the law.

## JURY TRIAL DEMANDED

The Plaintiff respectfully requests a jury trial on all questions of fact raised in this Complaint.

RESPECTFULLY SUBMITTED this 15th day of June, 2018.

**SMITH & GREEN**
Attorneys at Law, P.L.L.C.

  s/ James M. Green
James M. Green
Attorney for Plaintiffs

8